UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COREY ADAMS**                                                                  **CIVIL ACTION**

**VERSUS**                                                                               **NO. 22-20-SDD-RLB**

**LOUISIANA DEP'T OF
CORRECTIONS, ET AL.**

## ORDER

Before this Court is Corey Adams' ("Plaintiff") Motion to Lift the Stay on Discovery and to Stay Consideration of Defendants' Motion for Summary Judgment (the "Motion"). (R. Doc. 118). The Louisiana Department of Public Safety and Corrections, Michael Howard, Roger Young, Michael Lollis, Charles Gooden, and John Orr ("Defendants") oppose. (R. Doc. 119). Plaintiff responded to their opposition, and Defendants filed a surreply. (R. Docs. 122, 125).

On January 10, 2022, Plaintiff brought claims under 42 U.S.C. § 1983, the ADA, and Section 504 of the Rehabilitation Act against Defendants and others. (R. Doc. 1). Discovery proceeded as required and the defendants filed a timely motion for summary judgment. That motion is pending before the district judge.

On September 12, 2023, this Court stayed discovery due to the addition of a new (and unserved) defendant, Charlie Tolbert ("Tolbert"). (R. Doc. 98). This Court also ordered that "upon the filing of a responsive pleading by defendant Tolbert, the parties may recommence discovery [with] a period of ninety (90) days from the date of the filing of Tolbert's responsive pleading[.]" (R. Doc. 98). Tolbert has yet to make an appearance in this matter.

Plaintiff originally managed his case *pro se,* handling significant written discovery and filings until attorneys were enrolled on his behalf on October 4, 2023. (R. Docs. 115, 116). A few weeks before Plaintiff's attorneys were enrolled, Defendants filed a Motion for Summary

Judgment (the "MSJ"), arguing, among other things, that Plaintiff had not exhausted all his administrative remedies as required and that certain defendants were entitled to qualified immunity as to certain claims. (R. Docs. 103, 103-1). Plaintiff's counsel was obviously aware of this pending motion at the time of enrollment. After enrolling, Plaintiff's counsel filed a Motion for an Extension of Time for Summary Judgment Response that was granted by Chief Judge Shelly D. Dick on October 3, 3023. (R. Docs. 113, 114). The deadline to respond was set for October 24, 2023. (R. Doc. 114).

On October 16, 2023, however, Plaintiff filed the instant Motion asking this Court to lift the discovery stay, extend discovery by 180 days, and delay consideration of the MSJ. (R. Docs. 118, 118-1). In opposition, Defendants argued that because Plaintiff obtained information from Defendants via written discovery and did not exhaust his remedies as to his claims, this Court need not lift the discovery stay or delay the MSJ. (R. Doc. 119). Plaintiff replied, adding an alternative relief request: a 45-day extension of the deadline to respond to the MSJ. (R. Doc. 122). In a surreply, Defendants reiterated their MSJ arguments. (R. Doc. 123-2).

Under Federal Rule of Civil Procedure 16(b), this Court may modify existing deadlines for "good cause." Fed. R. Civ. P. 16(b).[1] The Court is also mindful that failure to exhaust administrative remedies is an issue often capable of resolution at an early stage in the proceeding. Finally, the pending summary judgement motions raises assertions of qualified immunity. Qualified immunity is "immunity from suit" and, once asserted, will almost always require resolution before discovery may be reopened.

---

[1] In assessing whether 'good cause' has been established, this Court will consider four factors: (1) Plaintiff's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *Leza v. City of Laredo,* 496 Fed. App'x. 375, 377 (5th Cir. 2012) (citation omitted).

Plaintiff's explanation for his request is that he only recently obtained counsel and would like more time to proceed with depositions before the MSJ is considered. (R. Docs. 118, 118-1). The undersigned is not satisfied that such discovery is necessary or warranted. Plaintiff's counsel has docket access to all of Plaintiff's written discovery and may adequately assess through Plaintiff whether he has failed to exhaust his administrative remedies as is alleged in the MSJ. (R. Docs. 45, 50, 51, 52, 53, 55, 57, 62, 63, 64, 65, 66, 67, 68, 74). The MSJ also alleges the defense of qualified immunity as it pertains to certain defendants and causes of action. This Court does not find good cause to allow six more months of additional discovery before resolution of the threshold issues raised in the MSJ.

The Court does, however, agree to an additional extension of the time to oppose the pending Motion for Summary Judgment. Any opposition shall be filed on or before November 8, 2023.[2]

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion (R. Doc. 118) is **DENIED IN PART AND GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until November 8, 2023 to file any opposition to Defendants' MSJ (R. Doc. 103).[3]

Signed in Baton Rouge, Louisiana, on October 30, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This is 45 days from the previously extended deadline.
[3] Nothing precludes the district judge in this matter from determining other relief is appropriate under Fed. R. Civ. P. 56(b).