# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

COREY MARQUEE ADAMS

VERSUS

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

CIVIL ACTION

22-20-SDD-RLB

## RULING

This matter comes before the Court on the *Motion to Dismiss pursuant to 12(b)(5)*[1] filed by Defendant Charles Tolbert ("Defendant Tolbert"), through the Assistant Attorney General. Plaintiff, Corey Marquee Adams ("Plaintiff") filed an *Opposition*,[2] to which Defendant filed a *Reply*.[3] For the reasons set forth below, the Court will deny Defendant's motion.

## I.    BACKGROUND AND PROCEDURAL FACTS

This motion challenges the Amended Complaint[4] filed by Plaintiff, who is incarcerated and was proceeding *pro se* at the time of filing. He alleges, *inter alia*, that Defendant Tolbert and several other named defendants violated the American Disabilities Act, 42 U.S.C 12101 (the "ADA"), and acted with deliberate indifference in violation of his Eighth Amendment rights.[5] With respect to Defendant Tolbert, Plaintiff alleges that on October 20, 2020, Defendant Tolbert was a sergeant in the Louisiana State Penitentiary ("LSP"), and Defendant "refused to call for help or otherwise assist" Plaintiff while Plaintiff

---

[1] Rec. Doc. 131.
[2] Rec. Doc. 133.
[3] Rec. Doc. 136.
[4] Rec. Doc. 104.
[5] *Id*.

"was bleeding out in his cell from lacerations caused by an attempted suicide."[6] When Plaintiff filed his Original Complaint, Plaintiff did not know Defendant's actual name and identified him as "Toby" without any other identifying information.[7] On June 12, 2023, Plaintiff sought leave to amend his complaint once he identified "Toby" as Defendant Tolbert through the course of litigation.[8] The Court granted this motion, and on September 12th, the Court ordered the named defendants to file the last known address of Defendant Tolbert under seal within seven days.[9] Additionally, Plaintiff was permitted an additional 45 days to effect service upon Defendant Tolbert.[10] On September 14th, the Defendants filed a Notice of Compliance under seal containing the last known address of Defendant Tolbert.[11] Thereafter, Plaintiff retained counsel, and they enrolled in this matter on October 4th.[12] On December 8th, Defendant Tolbert filed the pending motion because he was never served with Plaintiff's complaint.[13]

## II.  LAW AND ANALYSIS

### A.  Rule 12(b)(5)

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).[14] "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[15] The burden of

---

[6] Rec. Docs. 104 and 133.
[7] Rec. Doc. 1-1.
[8] Rec. Doc. 79.
[9] Rec. Doc. 98.
[10] *Id*.
[11] Rec. Doc. 105.
[12] Rec. Doc. 115.
[13] Rec. Doc. 132.
[14] *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).
[15] *Ceasar v. Louisiana Bd. of Ethics*, 2018 WL 2090184, at *4 (M.D. La. May 4, 2018) (quoting *Holly v. Metro. Transit Auth.,* 213 Fed.Appx. 343, 344 (5th Cir. 2007)).

demonstrating the validity of service when an objection is made lies with the party making service.[16] When a challenge made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner.[17] The fact that the plaintiff is *pro se* does not excuse the failure to properly effect service of process.[18]

To establish good cause for failing to timely effect service, a plaintiff has the burden of demonstrating "at least as much would be required to show excusable neglect. . . ."[19] "Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. . . ."[20] In addition, "some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required."[21] It is "irrelevant that the defendant not served within the 120–day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days."[22]

A plaintiff who is incarcerated and proceeding *pro se* is "entitled to rely upon service by the U.S. Marshal to properly effect service of process, where such fault is through no fault of the litigant."[23] However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such

---

[16] *Id* (citing *Holly,* 213 Fed. Appx. at 344).
[17] *Id* (citing *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990)).
[18] *Id* (citing *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (unpub'd)).
[19] *Mayeaux v. McKee*, 2014 WL 7186275, at *2–3 (M.D. La. Dec. 16, 2014) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985)).
[20] *Id* (quoting *Winters*, 776 F.2d at 1306).
[21] *Id* (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (1969)).
[22] *Id* (quoting *Winters*, 776 F.2d at 1305–6).
[23] *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

failure.[24]

Defendant Tolbert requests dismissal because Plaintiff failed to serve him within the time permitted by the Court's Order.[25] Defendant argues that, although he timely filed his last known address into the record, Plaintiff did not effect service.[26] Plaintiff concedes that he did not effect service but argues good cause exists because, at the time to effect service, Plaintiff was proceeding *pro se* and relied on the Clerk of the Court and the U.S. Marshal to effect service, and the government personnel failed to do so.[27]

The Fifth Circuit has considered cases where a *pro se* incarcerated plaintiff has relied upon service by the U.S. Marshal. In *Rochon v. Dawson*, the U.S. Marshals failed to properly effect service, and the court had to decide whether the failure of the U.S. Marshals was due to any dilatoriness or fault by the plaintiff. The Circuit court explained that, "[at] a minimum a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."[28] The Circuit court found that the district court provided notice to the plaintiff that the defendant was never served. Despite this notice, the plaintiff never requested that the U.S Marshal properly serve the defendant. The Circuit court found that the plaintiff was penalized not because of the U.S. Marshal, but because of his own "inaction or dilatoriness."[29]

The Fifth Circuit came to a different conclusion in *Lindsey v. U.S. RR Retirement Board.* In that case, the Fifth Circuit found that good cause was shown because the

---

[24] *Id*.
[25] Rec. Doc. 131.
[26] Rec. Doc. 131-1, pp. 3–4.
[27] Rec. Doc. 133, pp. 6–7.
[28] 828 F.2d at 1109–10 (5th Cir. 1987).
[29] *Id*.

plaintiff's failure to properly serve the defendant was attributable to government personnel who improperly performed their duties.[30] The Fifth Circuit explained that the facts differentiated from *Rochon* because the plaintiff in *Lindsey* requested service of process, but the district court did not appoint or direct anyone to serve process. The court concluded:

> [The] [p]laintiff's inability to properly serve the [defendant] was attributable in large part to the clerk's failure to provide [plaintiff] with the proper summons form and the district court's failure to follow controlling statutes which required the court to appoint a United States Marshal or other person or office appointed by the court to effectuate service for [the plaintiff].[31]

The Court finds that the facts here align more with the conclusion of *Lindsey* than *Rochon*. On September 12, 2023, the Court ordered:

> [Within] 7 days of the date of this Order, defendants shall file the last known address of Charles Tolbert under seal. The Clerk of Court shall issue a summons for defendant Tolbert and the United States Marshal shall serve the defendant wherever found upon receipt of the completed USM-285 form and payment of any required fees. The plaintiff shall have an additional 45 days to effect service upon the defendant Tolbert.[32]

According to Plaintiff, he completed the USM-285 form and payment of any required fees, but the U.S. Marshal never served Defendant Tolbert because the Clerk of the Court never issued summons.[33] Once Plaintiff retained counsel, Plaintiff's counsel spoke to the Clerk of the Court, who confirmed that, in error, they never sent Defendant Tolbert's summons to the U.S. Marshal.[34] And because Defendant Tolbert filed his address under seal, Plaintiff also asserts that, as of December 21, 2023, there was not a

---

[30] 101 F.3d 444, 446–48 (5th Cir. 1996).
[31] *Id.*
[32] Rec. Doc. 98.
[33] Rec. Doc. 133, p. 6.
[34] Rec. Doc. 133-1, p. 1.

docket entry visible to indicate whether Defendant Tolbert complied with the Court's Order.[35] Defendant Tolbert counters that Plaintiff could have contacted Defendant's counsel or the Clerk's office to inquire whether Defendant Tolbert complied with the Court's Order.[36] While the Court agrees with Defendant that Plaintiff could have taken steps to inquire about service on Tolbert, the Court finds that Plaintiff has sufficiently shown good cause. Plaintiff complied with this Court's Order, and it was the Court's personnel that failed to carry out its duties. Moreover, Defendant Tolbert filed his last known address under seal, and while that, too, was in compliance with the Court's Order, Plaintiff and his counsel had no notice in the record due to the sealed filing. It was the responsibility of the government personnel to comply with the Court's Order and serve Defendant Tolbert. The Court finds that Plaintiff did not "remain silent" as found in *Rochon*, and Plaintiff should not be penalized for the Court's error.

In conclusion, the 12(b)(5) motion to dismiss is denied. Because Plaintiff is now represented by counsel, the Clerk of Court shall provide Plaintiff's counsel with access to the sealed Notice of Compliance, which provides the last known address of Defendant Tolbert. Plaintiff shall have 30 days from the date of this *Ruling* to effect service upon Defendant Tolbert. Defendant Tolbert shall file a responsive pleading, or in the alternative, Co-Defendants shall supplement their *Motion for Summary Judgment*[37] by joining Defendant Tolbert as a movant once he has been served.

---

[35] *Id*; Rec. Doc. 133, pp. 3–4.
[36] Rec. Doc. 136, p. 2.
[37] Rec. Doc. 103.

### III.    CONCLUSION

Accordingly, the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5)[38] is hereby **DENIED**. Plaintiff shall have 30 days from the date of this Ruling to effect service upon Defendant Tolbert. Upon service, Defendant Tolbert shall file a responsive pleading to the Amended Complaint or join the Motion for Summary Judgment[39] filed by the Co-Defendants. If Defendant Tolbert joins the Motion for Summary Judgment, the Motion shall be supplemented as to the claims against Defendant Tolbert **ONLY**, and Plaintiff may supplement his Opposition[40] as to his claims against Defendant Tolbert **ONLY**. Any supplemental briefs shall not exceed five pages.


**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on this 28th day of May, 2024.


_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[38] Rec. Doc. 131.
[39] Rec. Doc. 103.
[40] Rec. Doc. 127.