UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY MARQUEE ADAMS                                              CIVIL ACTION

VERSUS                                                                        22-20-SDD-RLB

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

## ORDER

Before the Court is Plaintiff's Opposed Motion for Extension of Time to Complete Expert Discovery. (R. Doc. 155). The Court ordered an expedited response. (R. Doc. 156). Defendants filed a written opposition. (R. Doc. 157).

Plaintiff is an inmate incarcerated at Louisiana State Penitentiary ("LSP") who initiated this action *pro se*. (R. Doc. 1). Plaintiff is now proceeding with counsel. After the resolution of various motions to dismiss and for summary judgment, the undersigned issued a Scheduling Order. (R. Doc. 154). The Scheduling Order set deadlines related to expert discovery and a trial date, noting the following:

> This matter has been pending for nearly three years. The court has resolved motions to dismiss and for summary judgment. Discovery has been conducted and the deadlines to complete discovery have expired. The claims in this matter have been refined and narrowed by the Court. The pleadings have been amended. A new deadline to join other parties or to amend the pleadings will not be reset. Any motion to amend the pleadings must be supported by good cause. The enrollment of counsel (over a year ago) will not alone support such a finding.

(R. Doc. 154 at 1). In relevant part, the Scheduling Order set the deadline for Plaintiff to identify experts on February 3, 2025, the deadline for Defendants to identify experts on March 3, 2025, the deadline for Plaintiff to provide expert reports on March 3, 2025, the deadline for Defendants to provide expert reports on April 1, 2025, the deadline to complete expert discovery on May 1,

2025, the deadline to file Daubert motions on June 2, 2025, and a 4-day trial to commence on September 22, 2025. (R. Doc. 154 at 1-2).

On February 25, 2025, Plaintiff filed the instant motion, which seeks a 14-day extension to all expert-related discovery deadlines to provide Plaintiff's psychiatric expert, Dr. Jennifer Bundrick, additional time to prepare her expert report regarding the psychiatric effects of Plaintiff's disciplinary segregation. (R. Doc. 155). Plaintiff represents that Dr. Bundrick was timely identified as an expert on February 3, 2025 and has met with Plaintiff, but she needs an additional opportunity to meet with Plaintiff and review Plaintiff's voluminous medical and prison records. (R. Doc. 155 at 2). The motion notes that Dr. Bundrick's access to Plaintiff is limited given his current incarceration at LSP.

In opposition, Defendants submit information in support of a finding that Plaintiff could have been more diligent in securing meetings with Plaintiff and Dr. Bundrick given that requests for such meetings were timely granted by LSP. Defendants note that on February 7, 2025, Plaintiff's counsel contacted LSP, requested a three hour zoom call with Plaintiff to include a physician (presumably Dr. Bundrick) to take place on February 19, 2025. That request was granted the same day it was requested, and the call took place as scheduled. (*See* R. Doc. 157-1 at 1-2). On February 21, 2025, Plaintiff's counsel then scheduled a second three hour zoom call to take place on February 26, 2025 (the day after the instant motion was filed) to conduct a mental examination. Again, the request was granted that same day and the call took place as scheduled. (*See* R. Doc. 157-1 at 3-4). It appears that this is the additional opportunity to meet with Dr. Brundrick that is discussed in Plaintiff's motion.

Defendants further suggest that the shortening of the deadline to file Daubert motions and the date to file the pretrial order may result in prejudice. (R. Doc. 157 at 3).

2

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Having considered the arguments of the parties, the Court finds good cause to grant the relatively modest 14-day extensions sought. While Plaintiff's counsel could have been more diligent in obtaining meetings between Plaintiff and Dr. Bundrick, there is no dispute that the medical and prison records at issue are voluminous and a 30-day deadline to provide an expert report in this action is difficult to meet. **To be clear**, Defendants' opposition to the instant request for an extension is understandable and well-grounded given the procedural history of this action and the language in the Court's Scheduling Order. Nevertheless, there is no dispute that the expert testimony at issue is important in this action. Furthermore, the Court will provide Defendants a corresponding 14-day extension of their deadline to identify experts, which will cure, or at least minimize, any prejudice to Defendants. The time period between the filing of Daubert motions and other pre-trial deadlines remain the same for both parties.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Complete Expert Discovery (R. Doc. 155) is **GRANTED**, and the Scheduling Order (R. Doc. 154) is modified as follows:

1. Disclosure of identities and resumés of experts:

    **Plaintiff(s):**     Expired.

    **Defendant(s):**     March 17, 2025.

2. Expert reports must be submitted to opposing parties as follows:

    **Plaintiff(s):**     March 17, 2025.

    **Defendant(s):**     April 15, 2025.

3. Discovery from experts must be completed by **May 15, 2025.**

4. Deadline to Daubert motions: **June 16, 2025.**

**All other deadlines remain unchanged.**

Signed in Baton Rouge, Louisiana, on March 4, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**