UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY MARQUEE ADAMS           CIVIL ACTION

VERSUS           NO. 22-20-SDD-RLB

LOUSIANA DEPARTMENT OF
CORRECTIONS, ET AL.

### DEFENDANTS' MEMORANDUM REGARDING INJUNCTIVE RELIEF

MAY IT PLEASE THE COURT:

Defendant, the Louisiana Department of Public Safety and Corrections ("LDPSC"), respectfully shows that injunctive relief is no longer part of this case.

### PROCEDURAL AND FACTAL BACKGROUND

Plaintiff's petition prayed for injunctive relief. However, the defendants filed a motion to dismiss and then a motion for summary judgment. R. Docs. 19 & 103. On September 24, 2024, the Court granted summary judgment in part, dismissing all claims except for the failure to protect claim against Michael Howard and the ADA/RA claims against LDPSC.[1]

On October 24, 2024, the parties filed a joint Status Report.[2] Consistent with the Court's Ruling on the motion for summary judgment, the status report submitted by the parties says nothing about injunctive relief. Plaintiff's portion of the Brief Explanation of the Case says nothing about a claim for injunctive relief.[3] The principal legal issues listed by the parties say nothing about injunctive relief.[4] In fact, the Status Report contains no reference whatsoever to injunction, injunctive, enjoining or enjoin.

---

[1] R. Doc. 147 at 22-23.
[2] R. Doc. 153.
[3] *Id.* at 1-2.
[4] *Id.* at 4-5.

After receiving the Status Report, on November 1, 2024, the Court cancelled the status conference and issued a Scheduling Order which states that:

> The claims in this matter have been refined and narrowed by the Court. The pleadings have been amended. A new deadline to join other parties or to amend the pleadings will not be reset.[5]

This history of this case makes it abundantly clear that only two claims are at issue: the ADA/RA claim and the failure to protect claim (which claim is being dismissed)[6]. Any claim for injunctive relief is no longer before this Court.

Thereafter, the parties engaged in discovery. LDPSC was clear in its discovery responses that the time period at issue was between October 6, 2020 and December 29, 2020. On January 1, 2025, plaintiff issued a Notice of Fed. R. Civ. P. 30(b)(6) Deposition for LDPSC which included topics relating to or concerning policies, practices, rules and regulations.[7] Upon receiving the notice, counsel for LDPSC promptly sent an email[8] requesting a meet and confer to discuss the topics.[9] After a meet and confer, counsel sent an email on January 13, 2025 documenting the objections to the broad nature of the notice and stating, among other things, that:

> The representative who testifies at the 30(b)(6) deposition will be prepared to discuss policies in effect between October 6, 2020 and December 29, 2020. That is the relevant period of time as to LSP policies. The representative will not be prepared to discuss policies that were in effect prior to or after the relevant time period of October 6, 2020 through December 29, 2020.[10]

Plaintiff's counsel waited until two days before the agreed upon date for the deposition to attempt to object to the limitation.[11] Plaintiff ultimately agreed to proceed with the Rule 30(b)(6) deposition

---

[5] R. Doc. 154 at 1.
[6] R. Doc. 221.
[7] A copy of the Notice of Fed. R. Civ. P. 30(b)(6) Deposition is attached as Exhibit A.
[8] The entire email chain that was ultimately attached to the Rule 30(b)(6) deposition is attached as Exhibit B.
[9] Ex. B at 7.
[10] Ex. B at 5.
[11] Ex. B at 3-4.

as limited by the January 13, 2025 email.[12] Plaintiff never filed a motion to compel or sought additional discovery thereafter.

On January 30, 2025, Defendants' Responses to Plaintiff's Second Set of Requests for Production of Documents[13] stated clearly:

> Defendants object to Plaintiff's definition of the "Relevant Time Period" being January 1, 2020 through present. The District Court in its Ruling on the motions in this case already held that the relevant time period for this case is October 6, 2020 through December 29, 2020. Policies or practices in effect before October 6, 2020 or after December 29, 2020 are not relevant. Defendants did agree in good faith to produce documents pertaining to the plaintiff from January 1, 2017 to present.[14]

LDPSC produced only the policies in effect between October 6, 2020 and December 29, 2020. Plaintiff did not object or move to compel production of more.

On January 31, 2025, plaintiff took the Rule 30(b)(6) deposition subject to the limitations imposed by the January 13, 2025 email, i.e., limited in time to October 6, 2020 through December 29, 2020.[15]

On August 15, 2025, plaintiff sent a draft of his inserts for a joint pretrial order.[16] The inserts do not mention injunction.[17] The day before the Joint Pretrial Order was to be filed, plaintiff added one sentence to the joint pretrial order stating merely that, "For his ADA/RA claim, plaintiffs seeks compensatory damages and injunctive relief."[18] The Joint Pretrial Order that was filed says nothing about how the injunction portion of the trial might proceed.[19]

---

[12] Ex. B at 1.
[13] Defendants' Responses to Plaintiff's Second Set of Requests for Production of Documents are attached as Exhibit C.
[14] Ex. C at 2.
[15] Excerpts of the three depositions for the Rule 30(b)(6) deposition attached *en globo* as Exhibit D, stating that all three witnesses were testifying subject to the email marked as Exhibit B.
[16] The August 15, 2025 email with plaintiff's inserts for the Joint Pre-Trial Order are attached as Exhibit E.
[17] Ex. E.
[18] The email with the revised pretrial order is attached as Exhibit F.
[19] R. Doc. 187.

## ARGUMENT

Three independent grounds preclude injunctive relief in this case at this time.

One, the claim for injunction was no longer at issue after the Court's Ruling on the summary judgment. The Court's Ruling referenced only two claims: violation of the ADA/RA and a failure to protect claim, with no reference to an injunction. The Status Report did not reference an injunction. The Court's Scheduling Order based upon the Status Report states that the issues have been narrowed. Discovery did not address anything beyond the October 6, 2020 through December 29, 2020 time period as it pertained to policies.[20] Plaintiff's initial pretrial order did not reference an injunction.

The filed pretrial order does not address how the trial could proceed as to the injunction. The parties have not briefed how trial on the injunction would proceed and the appropriateness of any such injunction. The Prison Litigation Reform Act, 42 U.S.C. § 3626(a)(1) (the "PLRA"), provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

The pretrial order does not address the scope of any purported injunction. There is no argument that the injunction is needed, that the injunction sought is narrowly drawn, or that the injunction is the least intrusive means necessary to correct the alleged violation. Indeed, to the contrary, the relief that plaintiff's expert, Dr. Bundrick proposed, obviously exceeds the requirements of the

---

[20] LDPSC did produce plaintiff's records after December 29, 2020, recognizing that those records could have some relevance to his damage claim arising during the three months in late 2020.

PLRA, as she admitted that her recommendation was "aspirational."[21] In addition, her recommendations that LDPSC should avoid placing the plaintiff in "triggering" environments is so vague as to be unenforceable.[22] Further, her contention that units outside of the plaintiff's preferred housing location, i.e., Transitions Unit, are triggering is not needed, is not the narrowly drawn, is not the least intrusive, and obviously makes no attempt to take into account public safety or operation of the prison. These factual and legal issues have not been briefed or raised with the Court and show that the request for injunctive relief is not before the Court.

Two, the claim for injunction cannot proceed because no evidence of current conditions is available. The Supreme Court has held that current conditions are necessary to establish whether injunctive relief should be granted in prison cases, saying that deliberate indifference "should be determined in light of the prison authorities' **current** attitudes and conduct, . . . ." *Farmer v. Brennan*, 511 U.S. 825, 845-46 (1994). (internal quotations omitted) (emphasis added). The Fifth Circuit in *Valentine v. Collier*, 993 F.3d 270, 282 (5th Cir. 2021) affirmed the principle that current conditions must be considered at the time of an injunction issuing. *Valentine* involved claims of deliberate indifference under the Eighth Amendment against a prison in Texas. There, the district court found that the defendants violated the Eight Amendment and granted an injunction. The Fifth Circuit reversed, concluding that given steps taken by the defendants, including post-trial reports to the district court, the plaintiffs failed to prove entitlement to injunctive relief. The Fifth Circuit stated that evidence up to the time that judgment is rendered should be considered because an inmate must demonstrate the continuance of harm through the remainder of the litigation and into the future. *Id.* at 282. Finally, the Fifth Circuit in *Dockery v. Cain*, 7 F.4th 375 (5th Cir. 2021) affirmed the trial court's consideration of current conditions.

---

[21] The excerpt from the deposition of Dr. Bundrick is attached as Exhibit G.
[22] Dr. Bundrick's recommendations from her expert report are attached as Exhibit H.

*Valentine* and *Dockery* establish that current conditions at a prison must be considered prior to entry of judgment – not to determine whether constitutional violations have occurred but whether they continue to occur in a manner such that injunctive relief is appropriate. *Farmer*, 511 U.S. at 846.

Here, there is and will be no evidence of current conditions. LDPSC's policies produced are those in effect between October 6, 2020 and December 29, 2020. No discovery was untaken addressed to conditions after December 29, 2020. Thus, there is no basis upon which to grant an injunction on this record.

Three, any claim for injunctive relief is barred or encompassed within the class action litigation of *Lewis v. Cain*, 15-cv-318 (M.D. La) pending before this very Court.[23] The Court in *Lewis* certified a Subclass as "all qualified individuals with a disability, as defined by the ADA/RA, who are now, or will be in the future, incarcerated at LSP."[24] The Court in *Lewis* subsequently entered a Remedial Order directing the appointment of a Special Master with knowledge and expertise in handicap and disability access and accommodations to develop, make recommendations regarding implementation, and monitor implementation of a remedial plan to address and rectify the ADA and RA violations found by the Court.[25] Adams claims to be a qualified individual with a disability as defined by the ADA/RA and was and is still housed at LSP. Any injunctive relief to which Adams may be entitled, to the extent that he is a qualified

---

[23] A second class action pending in the United States District Court for the Western District of Louisiana, *Tellis v. LeBlanc* (now known as *Charles v. LeBlanc*), 18-cv-0541, may also apply. The Court in the Western District of Louisiana certified:
> a class of all prisoners who are or will be subjected to extended lockdown at David Wade Correctional Center and a subclass consisting of all individuals on extended lockdown at David Wade Correctional Center who have or are perceived as having a qualifying disability related to mental health, as defined within the Americans with Disabilities Act.

*Tellis*, R. Doc.462 at 27-28. Adams has been housed David Wade Correctional Center and could be subjected to extended lockdown there again.
[24] *Lewis*, 15-c-0318, R. Doc. 394 at 30 (M.D. La. 11/6/23).
[25] *Lewis*, R. Doc. 779 at 1.

individual with a disability as defined by the ADA/RA, will be governed by further proceedings in *Lewis*. While the Court's Rulings in *Lewis* are currently administratively stayed while the case is on appeal to the Fifth Circuit Court of Appeals, the binding effect of the class action suit remains.

## CONCLUSION

This Court's Ruling on the motion for summary judgment narrowed the issues to only two: ADA/RA claim and a failure to protect claim which is being dismissed. Discovery proceeded based upon the time frame set forth in the Court's Ruling on summary judgment, and the pretrial order did not discuss issues pertaining to injunctive relief. The lack of current conditions negates the possibility of an injunction in any event. Finally, the request for an injunction is encompassed within the class action litigation of *Lewis* and thus not part of this suit. This matter should proceed to trial on the single issue of whether LDPSC violated the ADA/RA between October 6, 2020 and December 29, 2020 and, if so, whether the plaintiff entitled to compensatory damages for any alleged violation, exactly as stated by the parties in the pretrial order.

Dated: September 17, 2025.

                                          **LIZ MURRILL**
                                          **ATTORNEY GENERAL**

**BY:**   *s/ Connell Archey*
          **Connell L. Archey** (La. Bar No. 20086)
          Connell.Archey@butlersnow.com
          **Butler Snow, LLP**
          445 North Boulevard, Suite 300
          Baton Rouge, LA 70802
          Telephone: (225) 325-8700
          Facsimile: (225) 325-8800
          *Counsel for Defendants*

## CERTIFICATE

    I hereby certify that on the 17th day of September, 2025, I electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                     /s/ Connell Archey
                                      Connell Archey

97204195.v1