**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

COREY MARQUEE ADAMS

VERSUS

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

CIVIL ACTION

22-20-SDD-RLB

**RULING**

Before the Court is the Plaintiff's, Corey Adams, ("Plaintiff" or "Adams") Motion to Exclude Testimony of Dr. Joseph Penn.[1] The Defendant, Louisiana Department of Public Safety and Corrections ("LDPSC") has filed an Opposition,[2] to which the Plaintiff has replied.[3] For the reasons which follow, the Plaintiff's Motion is GRANTED, and Dr. Penn's testimony will be limited as specifically set forth below.

Plaintiff moves to exclude Dr. Penn's opinion that the Plaintiff does not have a "serious mental illness" ("SMI"). Plaintiff argues that Dr. Penn's opinion is not scientifically grounded and is irrelevant to the question of whether Adams is entitled to ADA accommodations. Plaintiff further moves to exclude Dr. Penn's opinions that Adams did not require an ADA accommodation and that the LDPSC was not deliberately indifferent as improper legal conclusions.

I. **LEGAL STANDARD**

Federal Rule of Evidence 702 provides the parameters for opinion testimony.[4]

---

[1] Rec. Doc. 171.
[2] Rec. Doc. 173.
[3] Rec. Doc. 181.
[4] Under Federal Rule of Evidence 702, an expert witness may provide an opinion if the party offering the witness can show:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact

The Court will not reiterate the well-known, often cited caselaw on the admissibility of expert opinions.

## II. OPINION AS TO "SERIOUS MENTAL ILLNESS"

First, the parties agree that Adams has anti-social personality disorder and borderline personality disorder.[5] Dr. Penn characterizes Adams as having "chronic personality disorders" and "severe mixed personality disorder."[6] Whether those diagnoses constitute a "serious mental illness" or not is wholly irrelevant to the ADA inquiry. The LDPSC argues, and Dr. Penn testified, that there are no standardized or consistent diagnostic criteria for SMI.[7] Plaintiff points out that the DSM-5-TR provides a definition of "Serious mental illness." In the context of this case, whether the Plaintiff is diagnosed as having a "serious mental illness" or not does not tend to prove or disprove a material fact at issue.[8] The issue is whether Adams has a "physical or mental impairment that substantially limits one or more major life activities."[9] The Code of Federal Regulations further defines physical or mental impairment.[10] There is no requirement that a person be diagnosed with a "serious mental condition" to qualify for accommodation under the ADA. The Court finds that placing the focus on whether Adams has a "serious mental condition" runs the risk of causing jury confusion.[11] Dr. Penn may address impairments to major life

---

       to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert's opinion reflects a reliable application of the principles and methods
       to the facts of the case.

[5] Rec. Doc. 173, p. 6 n.27.
[6] Rec. Doc. 171-1, ¶ 63.
[7] Rec. Docs. 173, 173-1.
[8] Fed. R. Evid. 401.
[9] 42 U.S.C. § 12102(A)(1).
[10] 28 C.F.R. § 35.108(b)(1).
[11] Fed. R. Evid. 403.

functions to the extent addressed in his report,[12] but Dr. Penn shall not be permitted to opine that Adams does not have SMI. The Plaintiff's Motion to exclude opinion testimony as to "serious mental illness" is GRANTED on the grounds of relevance and potential for jury confusion.

### III.  ADA ACCOMMODATION

The jury will be instructed on the term "accommodation" under the ADA. Dr. Penn will not be permitted to opine on whether an accommodation is required under the ADA.[13] However, he may testify as to opinion of whether Adams's mental condition impacts his abilities to perform activities of daily living. The Plaintiff's Motion to preclude or limit Dr. Penn's opinion that Adams does not require accommodation is GRANTED.

### IV.  LDPSC'S ALLEGED DELIBERATE INDIFFERENCE

Whether the LDPSC was deliberately indifferent to Adams's alleged need of accommodation is a jury question. In reply, Plaintiff maintains that "deliberate indifference is a legal concept that has no applicability 'to public entities for purposes of the ADA.'"[14] However, where money damages for intentional discrimination are sought, the mens rea is "something more than deliberate indifference."[15]

Dr. Penn will not be permitted to opine that the LDPSC was not deliberately indifferent to Adams's mental health condition. The Defendnant concedes this in its opposition memorandum.[16]  The Plaintiff's Motion is GRANTED in the limited respect that

---

[12] Rec. Doc. 171-1.
[13] Rec. Doc. 173-1, pp. 138, 149–50.
[14] Rec. Doc. 181 (citing *Delano-Pyle v. Victoria Cnty*., 302 F.3d 567, 575 (5th Cir. 2002)).
[15] *Phillips next friend of J.H. v Prator*, No. 20-30110, 2021 WL 3376524 (5th Cir. Aug. 3, 2021).
[16] Rec. Doc. 173.

Dr. Penn may not draw the ultimate conclusion as to the LDPSC's state of mind, but Dr. Penn may opine as to the appropriateness of Adams's mental health care.

## V. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Exclude Testimony of Dr. Joseph Penn[17] is GRANTED, and Dr. Penn's testimony will be limited.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on  30th  day of   September  , 2025.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 171.