**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

COREY MARQUEE ADAMS

VERSUS

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

CIVIL ACTION

22-20-SDD-RLB

**RULING**

Before the Court are five (5) Motions *in Limine* by Plaintiff Corey Adams ("Plaintiff" or "Adams").[1] The Defendant Louisiana Department of Public Safety and Corrections ("Defendant" or "LDPSC") opposes each Motion,[2] and Plaintiff has filed an Omnibus Reply.[3]

The factual background of this case is discussed in the Court's prior Rulings[4] and will be elucidated herein only insofar as it is directly relevant to the particular Motion *in Limine*.

**I.    MOTION TO EXCLUDE EVIDENCE OF UNDUE HARDSHIP**[5]

Plaintiff moves to exclude evidence that an ADA/RA accommodation for Adams would pose an undue hardship on the LDPSC and is thus excused.[6] Plaintiff submits that "undue hardship" is an affirmative defense to a ADA/RA claim for accommodation.[7] The LDPSC does not meaningfully contest that "undue hardship is an affirmative

---

[1] Rec. Docs. 198–202.
[2] Rec. Docs. 212–16.
[3] Rec. Doc. 223.
[4] Rec. Docs. 137, 147, 226, 227.
[5] Rec. Docs. 198, 212, 223.
[6] Rec. Doc. 198.
[7] Rec. Doc. 198-1, pp. 2–3.

defense."[8] "LDPSC acknowledges the law stating that undue burden and fundamental nature of services may be an affirmative defense, the issue is not apparent on its face."[9] LDPSC claims a "lack of clarity as to whether an undue burden and fundamental alteration of services is part of the definition of a reasonable accommodation or an affirmative defense . . . ."[10] In support of its argument that it is somehow unclear whether "undue hardship" is an affirmative defense, which must be pled under FRCP 8(c), or an element of the Plaintiff's burden of demonstrating that a reasonable accommodation exists, LDPSC points to this Court's Ruling[11] denying summary judgment, which states:

> [A] "public entity" is required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, *unless the public entity can demonstrate* that making the modifications would fundamentally alter the nature of the service, program, or activity."[12]

The Court's statement of the law is accurate and does not alter or modify the burden of proof. The parties agree that "[t]o succeed on a failure-to-accommodate claim, a plaintiff must prove (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations."[13] Contrary to the Defendant's proposition, Plaintiff has no burden to prove that the reasonable accommodation is *not* an undue hardship. It is squarely Defendant's burden to demonstrate that the requested

---

[8] Rec. Doc. 212, pp. 4–5.
[9] *Id.* at p. 4.
[10] *Id.* at pp. 4–5.
[11] Rec. Doc. 147.
[12] Rec. Doc. 212, p. 3 (quoting Rec. Doc. 147, p. 18).
[13] Rec. Doc. 103-1 (Defendants' Memorandum in Support of Motion for Summary Judgment), pp. 29–30 (quoting *Smith v. Harris Cnty., Tex.*, 956 F.3d 311, 317 (5th Cir. 2020) (citing *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015))).

accommodation poses an undue hardship on the entity. It is a defense which falls squarely within Rule 8(c)'s requirement to "affirmatively [plead] any *avoidance* or affirmative defense."[14] Simply put, proof that an accommodation would create an undue hardship triggers an "avoidance" of the obligation.

LDPSC pled twenty-six (26) affirmative defenses but did not plead "undue hardship" as a defense.[15] Plaintiff says that LDPSC only recently raised the "undue hardship" by way of its requested jury instructions, which ask the Court to instruct the jury that the Plaintiff must prove that the accommodation is not an undue hardship.[16] This is not the law. The entity has the burden of proving "undue hardship." It is a defense or avoidance; it is not a sub-element of the plaintiff's burden of proving that "the entity failed to make a reasonable accommodation."[17] If the Plaintiff shows that the entity was obliged[18] but failed to make a reasonable accommodation, then the entity can avoid the obligation with sufficient evidence of "undue hardship."

The Court concludes that "undue hardship" is an affirmative defense which was required to be affirmatively pled but was not. Plaintiff asks the Court to exclude evidence of undue hardship on the grounds of relevance.[19] The Court declines the invitation to take this simplistic view. The Court agrees with Defendant that an affirmative defense

---

[14] Emphasis added.
[15] Rec. Doc. 36, pp. 1–5.
[16] LDPSC proposes a jury instruction which shifts the burden of proof of "undue hardship" to the Plaintiff. LDPSC submits that "[a]n accommodation is 'reasonable' if it does not impose undue financial or administrative burdens on or fundamentally alter the nature of a service, program, or activity." Rec. Doc. 195, p. 36. To the contrary, the Fifth Circuit Pattern Civil Jury Instruction provides that "[t]he employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship." Pattern Instruction § 11.10.
[17] Rec. Doc. 195, p. 24.
[18] The Plaintiff is a qualified individual with a disability, and the disability and its consequential limitations were known by the covered entity. *See supra* note 13.
[19] Plaintiff cites several cases for the unremarkable proposition that evidence of a claim or defense that is not before the Court is irrelevant. Rec. Doc. 198-1, pp. 5–6.

that is raised in a time and manner that does not result in unfair surprise does not call for waiver of the defense.[20] There is no waiver when an affirmative defense is raised "at a pragmatically sufficient time, [such that the plaintiff] was not prejudiced in [his] ability to respond."[21]

The question here is whether Plaintiff has been prejudiced in his ability to marshal evidence to rebut a defense of "undue hardship." The Court has carefully reviewed the history and overall context of this litigation and considered the discovery conducted by the parties and finds that prejudice exists which impaired Plaintiff's ability to respond to the defense at trial.[22]

The LDPSC produced its policies and procedures, among which was HCP37, which provides guidance to prison officials on whether an accommodation is owed.[23] The policy instructs that an "accommodation need not be granted if it would impose an undue hardship[,]"[24] which is defined as "[a]n accommodation that would be unduly costly, extensive, or substantial."[25] Plaintiff conducted discovery on HCP37. The Court reviewed and considered the deposition questions pointed out by the LDPSC and finds that the focus of Plaintiff's inquiry was to discern under what circumstances the LDPSC could deny a request for accommodation.[26] Discovery about *why* the entity might deny a request for accommodation is not the same as discovery directed to *what* hardship the LDPSC is claiming is a defense to providing an accommodation in this case.

---

[20] *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491–92 (5th Cir. 2001).
[21] *Id.* at 492.
[22] *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009).
[23] Rec. Doc. 212-3.
[24] *Id.* at p. 4.
[25] *Id.* at p. 3.
[26] Rec. Doc. 212-2, p. 7, l. 22 ("Q. What are the reasons a request for accommodation might be denied under department policy?"); *id.* at p. 8, l. 7 (Q. "What are other reasons, if any, for denying an accommodation request under the department policy?").

The Court is persuaded that Plaintiff was caught unaware that LDPSC was contending that it was excused from accommodating Adams because it claimed an undue hardship. In the history of this case, it has consistently been the LDPSC's position that Adams is not a qualified individual with a disability. As far as the Court can discern from the record, the LDPSC never fulsomely advanced an alternative defense that even if Adams had a qualifying disability which could be accommodated, the LDPSC was relieved of its obligation to accommodate because to do so would create an undue hardship.

The Motion *in Limine*[27] to exclude evidence that an accommodation of Adams's alleged disability would create an undue hardship on the LDPSC is GRANTED.

## II.    EVIDENCE OF CONVICTION[28]

Plaintiff is serving a life sentence at Angola for a conviction of second-degree murder. Plaintiff moves to exclude evidence of his conviction under FRE 402, 403, and 609.[29] Defendant cites FRE 609(a) and this District's Rulings in *McGrew v. Roundtree*[30] and *Hacker v. Cain*.[31]

The Motion *in Limine*[32] is DENIED. The Court will follow the precedent of this District.[33] The fact that Plaintiff has a felony conviction is admissible, but the nature and circumstances of the underlying offense shall be excluded from evidence.

---

[27] Rec. Doc. 198.
[28] Rec. Docs. 199, 216, 223.
[29] Rec. Doc. 199, p. 1.
[30] No. 09-859, 2013 WL 4543035 (M.D. La. Aug. 27, 2013).
[31] No. 14-63, Rec. Doc. 235 (M.D. La. Jan 17, 2017).
[32] Rec. Doc. 199.
[33] *McGrew*, 2013 WL 4543035; *Hacker*, Rec. Doc. 235.

### III.     EVIDENCE OF DISCIPLINE[34]

Plaintiff moves to exclude evidence of discipline for alleged masturbation and allegedly making false Prison Rape Elimination Act (PREA) complaints.[35] Plaintiff understandably argues that the prejudicial effect of this evidence outweighs any probative value.[36] Defendant counters that "[t]his conduct again goes to the heart of the case, including LDPSC's decisions on where to house the plaintiff and what steps to take to attempt to discourage or eliminate such conduct."[37] In support, the LDPSC cites *Ellis v. Capps*.[38] The *Ellis* case is inapposite. *Ellis* was an Eighth Amendment conditions of confinement case. In that case, Ellis did not argue that his prison disciplinary records were unduly prejudicial thus warranting exclusion under 403. Rather, Ellis argued that his prison records were irrelevant to his claim that he was "assaulted at the behest of Warden . . . ."[39] A panel majority found that it was not error to admit Ellis's disciplinary records because they were "admissible to show his bias and prejudice against the warden . . . ."[40]

The issue in this case is whether Adams has a mental health condition that renders him disabled, as defined by the ADA/RA, thus triggering an obligation to provide "reasonable accommodation." Adams's past alleged infractions of masturbating in front of correctional staff and making false PREA claims lack any probative value as to the elements of the ADA/RA claims or defenses. These disciplinary matters do not bear on Plaintiff's disability status (if any) or the LDPSC's knowledge of the Plaintiff's disability or

---

[34] Rec. Docs. 200, 215, 223.
[35] Rec. Doc. 200.
[36] Rec. Doc. 200-1, p. 3.
[37] Rec. Doc. 215, p. 2.
[38] 500 F.2d 225 (5th Cir. 1974).
[39] *Id*. at 226.
[40] *Id.*

disability accommodation.[41] Furthermore, the risk of jury confusion and prejudice outweigh any marginal probative value.[42]

The Motion in Limine[43] to exclude evidence of these disciplinary infractions is GRANTED.

IV. **MOTION TO EXCLUDE CERTAIN TESTIMONY OF DR. ASHLEIGH FLEMING**[44]

Dr. Fleming is a psychiatrist at Elayn Hunt Correctional Center ("Elayn Hunt") who treated Adams while he was confined at Elayn Hunt in 2018.[45] Plaintiff moves to exclude Dr. Fleming's testimony regarding her diagnosis and treatment of him in 2018.[46] He argues that Dr. Fleming's testimony (1) is irrelevant to his claim for an ADA/RA accommodation at Angola arising in 2020; (2) should be excluded under FRE 403 as unduly prejudicial; and (3) is cumulative to proposed testimony by Dr. Gamble, another of Adams's treating physicians.[47] Ruling on this Motion is deferred to the time of trial. All objections are reserved.

V. **MOTION TO EXCLUDE TESTIMONY OF MICHAEL HOWARD**[48]

An incident that occurred involving Angola Correctional Officer Michael Howard and Adams precipitated Adams's discipline. What landed Adams in disciplinary confinement is not the issue. The "why" of Adams's segregation is not probative of whether he is a qualified individual with a disability or the LDPSC's knowledge of an alleged qualifying disability. In short, whether Adams's conduct on October 6, 2020,

---

[41] Fed. R. Evid. 402.
[42] Fed. R. Evid. 403.
[43] Rec. Doc. 200.
[44] Rec. Docs. 201, 213, 223.
[45] Rec. Doc. 201, p.1.
[46] Rec. Doc. 201-1, pp. 1–2.
[47] Id. at pp. 3–4.
[48] Rec. Docs. 202, 214, 223.

warranted discipline is irrelevant to the ADA/RA claims. While evidence of egregious or disruptive behavior by Adams may be relevant to the prison's need to mete out discipline, it is wholly irrelevant to whether the nature of the discipline administered failed to accommodate an alleged qualifying disability. The details of Adams's conduct on October 6, 2020, that landed him in cell block confinement are not probative of whether Adams has a qualifying disability, LDPSC's knowledge, or the availability of a reasonable accommodation.

Furthermore, the events of October 6, 2020, that precipitated the discipline at issue pose an undue risk of prejudice and jury confusion because they invite the jury to consider Adams's deservingness of discipline instead of the seminal question of whether an alleged mental health disability required something other than segregated confinement in a cell block as a reasonable accommodation.

Adams also moves to exclude Michael Howard from testifying about the conditions of the Treatment Unit (TU).[49] The LDPSC responds that Michael Howard has worked in the TU "for years" and is able to provide relevant testimony about the conditions of the TU.[50] The Court agrees. Adams does not dispute that discipline is a necessary correctional tool. Adams contends that disciplinary segregation in the TU, as opposed to the cell blocks, would have accommodated Adams alleged qualifying disability.[51] The Court agrees with the LDPSC that the conditions in the TU as compared to the cell blocks are material to the inquiry of "reasonable accommodation." The

---

[49] Rec. Doc. 202, p. 1.
[50] Rec. Doc. 214, p. 2.
[51] Rec. Doc. 202-1, p. 5.

Plaintiff's Motion *in Limine*[52] to exclude testimony from Michael Howard's description of the TU is DENIED.

The Motion *in Limine*[53] to exclude Michael Howard's testimony about the events of October 6, 2020, is GRANTED.

## VI.    CONCLUSION

For the foregoing reasons:

The Motion *in Limine*[54] to exclude evidence that an accommodation of Adams's alleged disability would create an undue hardship on the LDPSC is GRANTED.

The Motion *in Limine*[55] to exclude evidence of Plaintiff's conviction is DENIED.

The Motion *in Limine*[56] to exclude evidence of disciplinary infractions is GRANTED.

The Court defers ruling on the Motion *in Limine*[57] to exclude testimony of Dr. Ashleigh Fleming until trial.

The Motion *in Limine*[58] to exclude testimony of Michael Howard at trial is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on 15th day of October, 2025.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[52] Rec. Doc. 202.
[53] *Id.*
[54] Rec. Doc. 198.
[55] Rec. Doc. 199.
[56] Rec. Doc. 200.
[57] Rec. Doc. 201.
[58] Rec. Doc. 202.