**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

COREY M. ADAMS CIVIL ACTION

VERSUS 22-020-SDD-RLB

LOUISIANA DEPARTMENT
OF CORRECTIONS et al.,

**RULING**

This matter is before the Court on a *Motion to Review Taxation of Costs*[1] filed by Plaintiff, Corey Marquee Adams ("Plaintiff" of "Adams"). Defendant Louisiana Department of Corrections("DPSC") opposed the *Motion*.[2] For the reasons set forth below, the relief requested in Plaintiff's *Motion to Review Taxation of Cost* shall be GRANTED.

## I. BACKGROUND

On January 22, 2026, following a three-day jury trial, the jury returned a verdict in DPSC's favor and a final judgment entered accordingly on January 27.[3] As the "prevailing party," DPSC was entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) ("FRCP 54") and filed a *Motion for Taxation of Costs*[4]—which contained a *Bill of Costs*—with the Court on February 26, 2026.[5] Plaintiff subsequently filed an *Opposition*.[6] On June 22, 2026, the Clerk of Court taxed costs against Plaintiff in the amount of $18,130.68.[7]

[1] Rec. Doc. No. 267.
[2] Rec. Doc. No. 268.
[3] Rec. Doc. No. 254.
[4] Rec. Doc. No. 256.
[5] Rec. Doc. No. 256-2.
[6] Rec. Doc. No. 257.
[7] Rec. Doc. No. 266.

Plaintiff filed the instant *Motion to Review Taxation of Costs* on June 26.[8] Plaintiff contends that because (1) he has "no money to his name"; (2) DPSC's possesses "enormous financial resources"; (3) his case presented "close and difficult legal issues brought in good faith"; and (4) "denying costs … would confer [a] substantial benefit to the public[,]"[9] the Court should exercise its discretion to "deny the costs sought by [DPSC] and deny the taxation of such costs."[10]

DPSC responds that "none of these reasons are sufficient to rebut the strong presumption under Fifth Circuit law that the prevailing party is entitled to costs that are necessarily incurred in the case."[11] First, DPSC argues that neither "financial disparity" nor Plaintiff's good faith in bringing suit are, alone, sufficient to justify the denial of costs to the prevailing party.[12] Second, DPSC argues that Plaintiff's claim under the Americans with Disabilities Act ("ADA") and Rehabilitation Act of 1973 ("RA") was "unique to [him] as it was solely based on his preference, and its disposition would [therefore] not have significantly broadened the jurisprudence."[13] Lastly, DPSC argues that—contrary to Plaintiff's suggestion—the imposition of "taxing cost[s]" in this matter would not have a "chilling effect on future [inmate] plaintiffs" wishing to bring similar complex claims.[14] That is, "a taxation of cost here will not stunt the growth of meritorious litigation."[15] Accordingly, DPSC maintains that Plaintiff has failed to establish that "it would be unjust for him to pay [DPSC's] identified costs of litigation."[16]

---

[8] Rec. Doc. No. 267.
[9] Rec. Doc. 267-1, pp. 2-4.
[10] *Id.* at p. 1.
[11] Rec. Doc. No. 268-2, p. 2.
[12] *Id.* at pp. 2-3.
[13] *Id.* at p. 5.
[14] *Id.*; *see* Rec. Doc. No. 267-1, p. 4.
[15] Rec. Doc. No. 268-2, p. 5.
[16] *Id.*

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—**<u>should</u>** be allowed to the prevailing party."[17] 28 U.S.C. § 1920 defines "costs" for purposes of Rule 54 and, as relevant here, includes "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."[18] While the Court "may order each party to bear its own costs," there is a "strong presumption" under Rule 54(d)(1) that "the prevailing party will be awarded costs."[19] "It is incumbent on the losing party to overcome that presumption."[20] Thus, "[a] court 'may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so.'"[21] That said, the Court has broad discretion in determining the appropriateness of an award of costs under Rule 54(d)(1).[22]

The Fifth Circuit has acknowledged several reasons that other circuits have invoked to justify withholding costs paid to the prevailing party.[23] Such reasons include: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources" (the "*Pacheco*

[17] FED. R. CIV. P. 54 (emphasis added).
[18] 28 U.S.C. § 1920(2).
[19] *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 428–29 (5th Cir. 2010) (internal quotations and citations omitted); *Hawkins v. City of Lexington*, 2022 WL 671452, at *1 (5th Cir. Mar. 7, 2022); *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).
[20] *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).
[21] *Pacheco*, 448 F.3d at 794 (internal citations omitted).
[22] *See also Cox v. Waste Management of Tex., Inc.*, 2013 WL 690849, at *1 (S.D. Tex. Feb. 25, 2013) (internal citations omitted); *see Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) ("The district court has broad discretion in taxing costs, and we will reverse only upon a clear showing of abuse of discretion.").
[23] *Pacheco*, 448 F.3d at 794.

factors").[24] Additionally, some courts have denied costs on the basis that "the losing party prosecuted the action in good faith."[25] However, good faith alone is insufficient to justify a denial of costs—denial should be premised upon *both* the good faith of the losing party as well as at least one of the aforementioned factors.[26] The Fifth Circuit has also held that financial disparity alone is not a sufficient reason for deviation even when faced with the decision to uphold the imposition of costs in favor of companies and against individual plaintiffs.[27]

Applying these principles, the Court concludes that several of the *Pacheco* factors militate strongly against the taxation of DPSC's requested costs, such that an "element of injustice" would arise from their award.[28] As an initial matter, the parties do not dispute that Plaintiff's financial resources are exceptionally limited and, in any event, minuscule compared to those of DPSC, a state agency whose litigation costs are necessarily covered by the state's coffers. Plaintiff is a DPSC inmate whose sworn declaration represents that he possesses "$0 … and no other assets"[29]—he is clearly indigent. Further, Plaintiff represents that he has "not been employed for over ten ([10]) years" and does not have the capability of maintaining gainful employment due to a "mental disability."[30] While it is true that the Court may not rely solely on either Plaintiff's "financial

---

[24] *Id.*
[25] *Id.* (internal citations omitted).
[26] *Id.* at 795.
[27] *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013); *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018).
[28] *Pacheco*, 448 F.3d at 794 (citing *Delta Air Lines, Inc. v. August*, 1010 S. Ct. 1146, 1151 n.14 (assuming that costs are denied to the prevailing party "only when there would be an element of injustice in a cost award.").
[29] Rec. Doc. No. 267-3, p. 1.
[30] *Id.*

hardship"[31] or the "comparative wealth of the parties"[32] in denying costs, Plaintiff has presented both, in addition to a genuine inability to work on the basis of disability, as grounds for seeking denial of cost taxation. Thus, to the extent the "indigency of the losing party is a factor to be considered in some instances, such as where [the] plaintiff is of such modest means that it would be an injustice or inequitable"[33] to enter a cost award, the Court finds Plaintiff's inability to combat his indigence (or pay the litigation costs assessed) because of limitations arising from his disability presents one such instance.[34] The first and fifth *Pacheco* factors—along with the above discussed element of "injustice" present under the circumstances—thus support a denial of cost taxation.

Further, the Court concludes Plaintiff's claim under the ADA and RA presented "close and difficult" legal and factual issues, namely, whether Plaintiff was entitled to certain accommodations in the manner of his disciplinary segregation and placement on suicide watch so as to not worsen his disability or unreasonably subject him to an increased risk of harm. While it is axiomatic that public entities have an affirmative obligation to make reasonable accommodations for disabled inmates,[35] "[w]hether a proposed accommodation is reasonable is generally a fact issue"[36]—one that is often complicated, as it was in this case, by the particularities and hardships inherent to the

[31] *Hawkins*, 2022 WL 671452, at *1.
[32] *Kristensen v. United States*, 2020 WL 12029075, at *4 (W.D. Tex. July 31, 2020) (quoting *Moore,* 735 F.3d at 319-20.
[33] *Rosales v. City of San Antonio, Tex.*, 2002 WL 1492590, at *1 (W.D. Tex. Mar. 31, 2002) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F. 3d 449, 463-64 (3d Cir. 2000)).
[34] *See Yudenko v. Guarinni*, 2010 WL 2490679, at *5 (E.D. Pa. June 15, 2010) (noting the "[t]axation of costs against the indigent, disabled [plaintiff] would be inequitable.").
[35] *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998); *Garrett v. Thaler*, 560 F. App'x 375, 382 (5th Cir. 2014).
[36] *Jones v. Lubbock Cnty. Hosp. Dist.*, 834 F. App'x 923, 926 (5th Cir. 2000).

carceral environment.[37] The Court denied DPSC's *Motion for Summary Judgment*,[38] accordingly, finding, "there [were] several genuine issues of material fact regarding whether accommodations could have been made in light of Plaintiff's known mental health condition."[39] It is also clear that the jury carefully and thoroughly wrestled with this issue for several hours before arriving at its ultimate verdict, finding in Plaintiff's favor on two of the three elements needed to prevail on his claim.[40] On this record, the Court finds, not only that Plaintiff's claim was made—as it must be—in good faith,[41] but it concerned issues that were sufficiently important, complex, and close, to deny taxation of costs under the third *Pacheco* factor.[42]

Lasty, the Court finds Plaintiff's case has resulted in a substantial benefit to the public, as it would seem going forward, DPSC will have good reason to be more cognizant of their affirmative duties and obligations under the ADA and RA.[43] Tellingly, in *Levy v. Louisiana Dep't of Public Safety and Corrections*, another section of this Court explained that "it is axiomatic that the ADA and RA do not require a plaintiff to specifically request a certain accommodation in order to prevail on a claim of disability discrimination."[44] Yet, DPSC raised the same argument in this litigation, seeking summary judgment on the

[37] As the Seventh Circuit has aptly explained, "[t]erms like 'reasonable' … are relative to circumstances, and the circumstances of a prison are different from those of a school, an office, or a factory," and '[t]he security [and administrative] concerns that [prison officials] rightly emphasize … are highly relevant to determining the feasibility of the accommodations that disabled prisoners need…." *Crawford v. Indiana Dep't of Corrections*, 115 F.3d 481, 487 (7th Cir. 1997).
[38] Rec. Doc. No. 103.
[39] Rec. Doc. No. 147, p. 23.
[40] Rec. Doc. No. 251 (Jury Note) and Rec. Doc. No. 252 (Jury Verdict Form).
[41] *Pacheco*, 448 F.3d at 795 ("All federal litigants, including this plaintiff, have an obligation to bring suit in good faith.").
[42] *But see Rosette v. PNK (Baton Rouge) Partnership*, 2019 WL 2173434, at *4 (M.D. La. May 20, 2019) (concluding Plaintiff's lawsuit did not present "close and difficult" legal issues where the "case was dismissed at the summary judgment stage by utilizing well settled law.").
[43] *See Sandoz v. Cingular Wireless, LLC*, 2016 WL 1305921, at *2 (W.D. La. Mar. 31, 2016) (recognizing that the clarification and impression of duties under the law can serve a "substantial benefit to the public.").
[44] *Levy v. La. Dep't of Pub. Safety and Corr.*, 371 F. Supp. 3d 274, 285 (M.D. La. 2019).

ground that "Plaintiff makes no allegation nor has any evidence that he requested accommodation."[45] To the extent DPSC's argument reflects an assumption that "prison officials have no legal obligation to provide accommodations for disabled inmates unless the inmate specifically requests such aid[,]" there is a great public benefit in reiterating for DPSC that such an argument is "untenable and cannot be countenanced."[46]

Plaintiff's lawsuit similarly raised the issue of whether DPSC's obligation to provide reasonable accommodation under present circumstances can depend, in some part, upon Plaintiff's failure to avail himself of other accommodations offered for his mental illness. Thereon, the Court clarified that Plaintiff's failure to attend several mental health clinics and a group therapy session, which were offered at times when Plaintiff was neither in disciplinary segregation or on suicide watch, but in close temporal proximity thereto, "is irrelevant with respect to the accommodations [Plaintiff] was offered, or not offered," under those specific circumstances.[47] DPSC's understanding to the contrary, had it gone unaddressed by the Court, would have ignored the otherwise clear precept that whether an obligation to provide accommodation under the ADA has arisen is "determined by a close examination of the particular circumstances"[48]—here, Plaintiff's need for accommodations when placed in disciplinary segregation or suicide watch. To ensure DPSC is cognizant of its duties and obligations under the robust mandates of the ADA and RA—a context in which DPSC's duty to protect the health and safety of its inmate population is also implicated—is indisputably a public interest of the highest order.

[45] Rec. Doc. No. 103-1, pp. 30.
[46] *Levy*, 371 F. Supp. 3d at 285 (quoting *Pierce v. District of Columbia*, 128 F. Supp. 3d 250, 269 (D.D.C. 2015)).
[47] Rec. Doc. No. 147, p. 20.
[48] *Chavez v. Aber*, 122 F. Supp. 3d 581, 596 (W.D. Tex. 2015) (internal citation omitted).

Plaintiff's lawsuit provided a means through which this public interest could be meaningfully advanced and, thus, the fourth *Pacheco* factor also warrants a denial of cost taxation against Plaintiff.

The Court, having found Plaintiff's claim to have been brought in good faith, and four of the *Pacheco* factors to be strongly implicated, concludes the taxation of any costs against Plaintiff would contain "an element of injustice" and finds "good reason"[49] to decline their imposition accordingly.[50]

## III. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion to Review Taxation of Costs*[51] is hereby GRANTED and DPSC's request for the taxation of costs against Plaintiff is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on October 14th, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[49] *Pacheco*, 448 F.3d at 794 (internal citations omitted).
[50] Because the Court declines to tax costs against Plaintiff, generally, it need not address Plaintiff's alternative argument that "[a]t least two of the deposition copies for which [DPSC] seek[s] costs were expedited" and thus include extra charges that are "not taxable" under 28 U.S.C. § 1920. Rec. Doc. No. 267-1, pp. 4-5.
[51] Rec. Doc. 267.